IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Marsha Bryan,**
       **Plaintiff,**

vs.                                           **Civil Action No.:** 3:23-cv-00750

**Capital One, N.A.,**
       **Defendant.**

## COMPLAINT

### PARTIES

1. The Plaintiff, Marsha Bryan, is a resident of Cabell County, West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Capital One, National Association, is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Cabell County, West Virginia.

### JURISDICTION

5. The District Court of the United States has original jurisdiction over this action based on complete diversity of citizenship between the parties. See 28 U.S.C. § 1332(a). This Court also has original jurisdiction over this case because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

**STATEMENT OF THE FACTS**

6. After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, upon the Plaintiff's account with Capital One, N.A., the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to the Plaintiff, by written communications, and did otherwise communicate with the Plaintiff to collect the alleged debt.

7. Thereafter, the Plaintiff sent written notification to the Defendant that she was represented by counsel. She did so by certified mail, return receipt requested.

8. The Defendant signed for the notice of attorney representation and was aware of the Plaintiff's counsel's phone number and address.

9. The Defendant continued to contact the Plaintiff regardless of its knowledge of the Plaintiff's retention of counsel.

10. The Defendant continued to cause telephone calls to be placed to the Plaintiff, or otherwise communicated with the Plaintiff through mail, email, and/or text message.

11. Upon information and belief, the Defendant maintains records of each written communication and each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

12. Such records will reflect that the Defendant placed telephone calls to the Plaintiff or otherwise communicated with the Plaintiff after it received written notification that the Plaintiff was represented by an attorney and was provided with the attorney's name and telephone number.

## CLAIMS FOR RELIEF

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

13. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

14. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

   a. using unfair or unconscionable means to collect a debt from the Plaintiff, in violation of *West Virginia Code* §46A-2-128(e), by communication with the Plaintiff after it was notified that the Plaintiff was represented by an attorney;

   b. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff had requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* §46A-2-125;

   c. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff, in violation of *West Virginia Code* §46A-2-125(d);

15. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

### COUNT II

*VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT*

16. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

17. The Plaintiff is a "persons" as defined by *West Virginia Code* §61-3C-3(n), as the Plaintiff is a "natural persons."

18. The Defendant, Capital One Bank, N.A., is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

19. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14(a) to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff, in violation of *West Virginia Code* §61-3C-14a(a)(2).

20. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A, as described in Count I above, and therefore violate this statute as well.

21. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

22. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

23. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

### COUNT III

#### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

24. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

25. The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff, in violation of *West Virginia Code* §61-8-16(a)(3).

26. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A, as described in Count I above, and therefore violate this statute as well.

27. The Plaintiff was injured by the Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiff was injured by the Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff has a civil cause of action for damages the Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

28. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

29. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

30. The Defendant negligently failed to train, supervise, monitor, or otherwise control its employees to ensure that its employees did not violate the WVCCPA, as alleged in Count I.

31. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

32. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

33. The following conduct of the Defendant was atrocious, intolerable and extreme so as to

exceed the bounds of decency:

    a. The Defendant placed telephone calls to the Plaintiff after the Defendant knew that Plaintiff was represented by an attorney, in gross violation of the WVCCPA;

    b. The Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

    c. Insofar as the Defendant's violations of the WVCCPA are deemed to be willful, pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

    d. Insofar as the Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

    e. Insofar as the Defendant's conduct of engaging in telephone conversations with the Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

    f. Insofar as the Defendant's conduct constituted knowingly allowing a phone under the Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

34. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

35. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced,

harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

36. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

37. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

38. The acts of the Defendant in placing telephone calls to the Plaintiff's telephone number invaded, damaged, and harmed the Plaintiff's right of privacy.

39. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

40. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

The Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA, as authorized by *West Virginia Code* §46A-5-101(1), for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages, in the maximum amount authorized by *West Virginia Code* §46A-5-101(1), as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint;

c. The Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiff be awarded general damages for the Defendant's negligence as alleged in Count IV of the Complaint;

e. The Plaintiff be granted general damages and punitive damages for the Defendant's conduct alleged in Count II, III, IV, and V;

f. And, such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                                      **MARSHA BRYAN,**
                                      By Counsel

BY:   /s/Megan A. Patrick_____
         Benjamin Sheridan (WVSB #11296)
         Megan A. Patrick (WVSB #12592)
         Klein & Sheridan, LC
         3566 Teays Valley Road
         Hurricane, WV 25526
         T: (304) 562-7111
         F: (304) 562-7115
         E: mpatrick@kswvlaw.com
         *Counsel for Plaintiff*